# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEPHEN CHOATE,

    Petitioner,

vs.

WARDEN WILLIAMS, et al.,

    Respondents.

Case No. 2:16-cv-01093-RFB-CWH

**ORDER**

    Petitioner's motion to amend or explain habeas corpus petition (ECF No. 4) is defective. To the extent that he is trying to file an amended habeas corpus petition, what he has submitted is not on the court's form. Furthermore, he has attached a 113-page prolix document. The court need not hunt through those allegations to glean what claims petitioner actually raises. McHenry v. Renne, 84 F.3d 1172, 1177-79 (9th Cir. 1996). ***If petitioner wishes to file an amended petition, then he will need to submit a concise proposed amended petition in the lead case, 2:16-cv-00813-RFB-GWF***.

    Petitioner's motion for a decision (ECF No. 13) and three petitions for writs of mandamus (ECF No. 17, 18, 20) are premature. The court has not yet screened the petition, let alone served it upon respondents.

    Petitioner does not explain what he wants the court to do in his motion to expand appeal (ECF No. 14). To the extent that petitioner wants to amend his petition, he needs to follow the court's instructions above. To the extent that petitioner believes that he is appealing a decision of a state district court to this court, he is mistaken. This court lacks jurisdiction to consider an appeal

from a judgment of a state court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 483 n.16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Petitioner's sole federal remedy from a judgment of conviction of a state court is through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Petitioner's motions to rescind order and remand to state district court (ECF No. 15, 16) are defective. Again, this court does not have appellate jurisdiction over the state district court. This court can grant petitioner relief from his custody only if his custody is in violation of the constitution or laws of the United States. 28 U.S.C. § 2254(a). Erroneous orders in the state post-conviction proceedings are not addressable in federal habeas corpus. Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989).

Petitioner's motion for production of documents (ECF No. 19) and motion to compel (ECF No. 23) are premature. If the court determines that the respondents should respond to the petition, then petitioner may make a motion to conduct discovery.

IT IS THEREFORE ORDERED that petitioner's motion to amend or explain habeas corpus petition (ECF No. 4) is **DENIED**.

IT IS FURTHER ORDERED that petitioner's motion for a decision (ECF No. 13) is **DENIED**.

IT IS FURTHER ORDERED that petitioner's three petitions for writs of mandamus (ECF No. 17, 18, 20) are **DENIED**.

IT IS FURTHER ORDERED that petitioner's motion to expand appeal (ECF No. 14) is **DENIED**.

IT IS FURTHER ORDERED that petitioner's motions to rescind order and remand to state district court (ECF No. 15, 16) are **DENIED**.

IT IS FURTHER ORDERED that petitioner's motion for production of documents (ECF No. 19) is **DENIED**.

///
///
///

IT IS FURTHER ORDERED that petitioner's motion to compel (ECF No. 23) is **DENIED**.

DATED: March 20, 2017

                                                RICHARD F. BOULWARE, II
                                                United States District Judge